# United States District Court
### EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.

ORDER OF DETENTION PENDING TRIAL

SCOTT STOCKTON

Case Number: 3:15-CR-45

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 29, 2015. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  [ ] an offense for which the maximum sentence is life imprisonment or death.
  [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
  [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

[ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[X] (1) There is probable cause to believe that the defendant has committed an offense
  [X] for which a maximum term of imprisonment of ten years or more is prescribed.
  [ ] under 18 U.S.C. § 924(c).

[X] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[X] (1) There is a serious risk that the defendant will not appear.
[X] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

Based on the Bail Reform Act of 1984, and applicable case law, including but not limited to United States v. Stone, 608 F.3d 939 (6th Cir. 2010), and the evidence presented, the 18 U.S.C. § 3142(g) factors require detention: nature and circumstances of offense (drug trafficking); weight of the evidence of dangerousness (the government has established, through the defendant's admission to law enforcement, that the Defendant "sponsored" third parties to illegally obtain controlled narcotics, as part of a larger conspiracy to traffic large volumes of illegally obtained and sold drugs); history and characteristics of defendant (history of residence in East Tennessee with relatives weighs in favor of defendant; however, lack of third-party employment, probable drug dealing, and criminal history balances factor in favor of detention); nature and seriousness of danger if released (defendant is an experienced drug trafficker and the government has established that he will even use his father to attempt to illegally supply drugs to a third party). The court finds that there is a serious risk that the defendant will continue to drug traffic if released. Drug trafficking is inherently dangerous. United States v. Hernandez, 2002 WL 1377911

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 et seq.); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

(E.D.Tenn. Edgar). See also United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985).

In addition, the Defendant has prior arrests for violent crimes, specifically, assault. The Court may consider prior arrests as part of a criminal history even thought the Defendant was not convicted of the charges. United States v. Aceudeo-Ramos, 755 F.2d 203, 209 (1st Cir. 1985).

Moreover, the Defendant has a history of failure to abide by court orders. He has been convicted for violation of probation, and he has been charged with violating an order of protection. The Defendant has at least two prior convictions in state court, in 2013 and in 2014, for failure to appear. He has a third, pending state court charge of failure to appear brought in 2015. In short, the Defendant has a well-documented history of disregard for court orders and his obligation to appear for court proceedings.

On behalf of the Defendant, the Defendant's father, Ed Stockton, testified that he was president of Country Fresh Foods, a 15 employee business which produced confections. Ed Stockton testified that he would employ his son to work on a production crew, although he conceded that this was a job not previously done by the Defendant. In addition, Defendant's brother, Cody, also a pain pill user, already works in the business. The Court learned during the hearing that the Defendant, during a phone call with Ed Stockton from the jail, instructed Ed Stockton to retrieve suboxone from the Defendant's residence and give it to Cody to take. Ed Stockton testified that he did search for the drug, but was unable to find it. The Court is troubled by this apparent willingness of the Defendant, his father, and his brother (and proposed co-worker) to handle a controlled substance in a manner which is violative of drug laws. Mr. Ed Stockton's testimony does not provide a basis for finding that the Defendant should be released.

This is a case which carries a rebuttable presumption of detention. Based on the foregoing analysis, the Court finds that the Defendant has not rebutted the presumption in favor of detention established by statute.

The evidence and other information provided at the hearing established by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community, if the defendant were to be released on bond. Therefore, the defendant shall be detained pending his trial.

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 30, 2015                                    s/ H. Bruce Guyton
                                                        United States Magistrate Judge