IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-45 |
| | ) | (VARLAN/GUYTON) |
| SCOTT STOCKTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 5, 2015, for a scheduled pretrial conference and motion hearing on the Government's Motion to Declare Case Complex and Extended [Doc. 13] and Defendant Stockton's Response in Opposition [Doc. 20], filed on May 5, 2015. Defendant Stockton also filed a Notice of Request for Speedy Trial on the same date. [Doc. 21]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Michael P. McGovern represented Defendant Stockton. The Court excused [Doc. 14] Defendant from appearing for this hearing.

During the hearing, AUSA Stone made an oral motion to continue the trial. He proffered that the discovery in this case, and related cases, is voluminous, consisting in part of 360 boxes which are currently being processed by the FBI. AUSA Stone stated that the FBI would need at least 60-75 days to process these documents, necessitating a discovery deadline extension of at least 90 days. Attorney McGovern objected to the Government's oral motion and Motion to Declare Case Complex and Extended [Doc. 13]. Defendant argued that he was the sole

defendant in his indictment and that to delay the trial based on other related cases would prejudice his rights under the Speedy Trial Act. The Government relied on 18 U.S.C. 3161(h)(7)(a)-(b), arguing that the complexity of this case, the number of related defendants, and the nature of the prosecution warrants extension.

In its motion [Doc. 13], the Government states that over one hundred defendants were indicted in twenty-eight related cases and that over one-third had not been arrested at the time it filed the motion on March 31, 2015. It states that discovery is being disclosed in three phases: One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records. A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage.[1] The Government contends that by the time that discovery is fully disclosed under the schedule determined by the Court, defense counsel will have insufficient time to review the discovery and to prepare for trial.

The Court finds the Government's oral motion to continue the trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Defendant is charged [Doc. 3], along with numerous others in related cases, in a conspiracy to distribute oxycodone (Count One). The Defendant is also charged with conspiring to launder the proceeds of the drug conspiracy (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving half a terabyte of information [see Doc. 13-1, Affidavit of Christopher G.

---

[1] The undersigned ordered [Doc. 9] that initial discovery was due on March 17, 2015. Discovery originally intended to be provided via the iCloud, but ultimately provided on hard drives [see Doc. 13-1], was due on April 7, 2015. Finally, discovery of recovered documents must be made by May 5, 2015.

2

English]. Disclosure of discovery is ongoing in phases and is unlikely to be completed prior to the current trial date. To require counsel to proceed to trial in May of 2015 would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that the review of discovery cannot occur prior to the May 19, 2015 trial date. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government that this case is complex for purposes of the Speedy Trial Act. The instant case, along with all related cases, involves over one hundred defendants. The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over twenty-two months. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

The Government's oral motion to continue the trial date is **GRANTED**, and the trial is reset to **November 17, 2015**. The Government's motion [**Doc. 13**] to declare the case complex for speedy trial purposes is also **GRANTED**. The Court finds that all the time between the hearing on May 5, 2015, and the new trial date of November 17, 2015, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B). The Court has considered Defendant's Response in Opposition [Doc. 20] and Notice of Request for Speedy Trial [Doc. 21], and has chosen the new trial date of November 17, 2015 based on Defendant's request for expediency. The Court finds that this trial date is the earliest

3

date in which this case can be tried based on the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(ii).

With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **August 14, 2015**. The Court set a new motion deadline of **August 28, 2015**, with the Government's responses due by **September 11, 2015**, to permit time to litigate the motion before the trial date. The Court set a new pre-trial conference for **November 3, 2015 at 2:00 p.m.** This date will also serve as the deadline for concluding plea negotiations and for the Defendant to provide reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **November 3, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **November 9, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Government's oral motion to continue trial date is **GRANTED**;

(2) The Government's Motion to Declare Case Complex and Extended [**Doc. 13**] is **GRANTED**. The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **November 17, 2015**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the hearing on **May 5, 2015**, and the new trial date of **November 17, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **August 14, 2015**;

(6) The motion deadline is reset for **August 28, 2015**, with any Government responses due by **September 11, 2015**;

(7) A new pre-trial conference is set for **November 3, 2015 at 2:00 p.m.** This date will also serve as the deadline for concluding plea negotiations and the deadline for the Defendant to provide reciprocal discovery;

(8) Motions *in limine* must be filed no later than **November 3, 2015**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **November 9, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge